UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ERIC FLORES, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:13-cv-00053-DBH |
| | ) |
| U.S. ATTORNEY GENERAL, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

Eric Flores has filed a "Federal Tort Complaint Against Torture" naming as defendants the United States Attorney General, the United States Department of Health and Human Services, and a public health service named Sierra Medical Center in El Paso, Texas. He also provides a list of names and addresses of the "surviving members of the protected class of Mexican American citizens", including deceased individuals and infant children. This complaint is identical, right down to the same typographical errors, to the complaint he filed earlier this year in this court, Eric Flores v. US Attorney General, et al., 2:13-cv-00007-DBH.

He complains that unspecified persons in Maine and elsewhere have inflicted torture in the form of mind altering substances, genetic codes, and direct signals from satellites in order to control and harm various Mexican Americans who are family members, friends, and/or acquaintances of Flores. I recommend that this complaint likewise be summarily dismissed. While Flores has not been formally warned in this district under Cok v. Family Court of R.I., 985 F.2d 35 (1st Cir. 1993) that any further frivolous filings in this Court will result in filing restrictions being placed upon him, I now issue such a warning to Flores. Given Flores's litigation history in this court and throughout the United States, the formal warning should come as no surprise to him. I recommend that if Flores does not file an objection to this recommended

decision that persuades the court to the contrary, that it enter an Order as part of its affirmance of this recommendation that prohibits any further filings by Eric Flores without prior permission. If Flores wishes to file any other pleadings in this Court, including new lawsuits, he must file a motion for leave to file the specific pleading. A judge shall review the proposed pleading and the motion for leave to file and will determine whether such a pleading shall be allowed.  In the absence of a court order allowing a pleading, the Clerk should not accept Flores's filings and instead return them to him immediately.

## Summary Dismissal

With respect to an in forma pauperis action such as this, the United States Congress has directed: "[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Mallard v. U.S. Dist. Ct. S. D. Iowa, 490 U.S. 296, 307-308 (1989) ("Section 1915(d) [now § 1915e(2)(B)(i)], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

I now recommend that this Court join the long list of jurisdictions that have screened this or similar complaints filed by Flores and concluded that they contain "the hallucinations of a

troubled man." Flores v. United States Attorney General, 2:12-cv-00987-MEF-TFM (M.D. Ala.) (Moorer, USMJ);  see also Flores v. United States Dep't of Health and Human Servs., et al., 3:12-cv-00092 (M.D. Tenn.);  Flores v. United States Attorney General, 4:12-cv-04144-SOH (W.D. Ark.);  Flores v. United States Attorney General, 4:12-cv-40154-TSH (D. Mass.); and Flores v. United States Attorney General, 12-CV-1250-JPS (E.D. Wis.).  The current complaint should be summarily dismissed and any subsequent pleadings disallowed.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 26, 2013                              /s/ Margaret J. Kravchuk
                                               U.S. Magistrate Judge